IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MICHAEL E. BROWN,

    Petitioner,

v.          CIVIL ACTION NO.   3:15-01197

DAVID BALLARD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

  The Court entered a Judgment Order on March 31, 2016 granting Respondent's Motion for Summary Judgment and denying Petitioner's habeas corpus relief.  ECF No. 23.  On November 16, 2016, Petitioner filed a Motion for Reconsideration of Denial of Habeas Corpus Relief (ECF No. 24).  The Court **GRANTS IN PART and DENIES IN PART** Petitioner's Motion for Reconsideration, granting the review of the two objections to the Magistrate Judge's Proposed Findings and Recommendations (PF&R) but denying a remand to the Magistrate Judge for a revised report.[1]  This Court has conducted a *de novo* review of the two additional objections raised, including a thorough review of the underlying state court documents regarding direct appeal

---

[1] A district court does not have to review *de novo* the sections of a Magistrate Judge's Proposed Findings and Recommendations that a party fails to file an objection.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also United States v. Schronce*, 727 F.2d 91 (1984).  However, nothing in the *Thomas* decision precludes a district court from reviewing the Magistrate Judge's report.  *See Scott v. Tate*, 130 F. Supp. 2d 924, 926-27 (N.D. Ohio 2001).  In an effort to give Petitioner's arguments the fullest consideration, the Court will review the additional objections here.

and state habeas relief. For the following reasons, the Court, again, **DENIES** Petitioner's request for habeas relief originally raised on January 28, 2015 (ECF No. 1).

I. Discussion

As Petitioner's habeas appeal results from a state court criminal conviction, the Court is required to apply a deferential standard of review as prescribed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in part at 28 U.S.C. § 2254(d). *See Monroe v. Angelone*, 323 F.3d 286, 297 (4th Cir. 2003). Under AEDPA, a federal court must defer to a state court's resolution of a claim that has been "adjudicated on the merits", and federal habeas relief is unavailable unless the state court's decision (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). This showing is no easy task for Petitioner.

Petitioner's first objection challenges the Magistrate Judge's finding that the issue of a thirteenth juror during deliberations was not exhausted at the state level. *See Proposed Findings & Recommendations*, ECF No. 20, at 44. Petitioner argues that his claim against the thirteenth juror was fairly presented to the Supreme Court of Appeals of West Virginia during his direct appeal. *Pet'r's Obj.*, ECF No. 24, at 4. Within the direct appeal's brief, Petitioner asserts his due process rights under the West Virginia Constitution. *Id.* at 4-5. However, Petitioner argues that in so doing, he cited numerous other state cases, the United States Supreme Court, and the United States Constitution, indicating that Petitioner was challenging due process under both the state and federal constitutions all along. *Id.* at 5.

To exhaust a claim before the state court, the petitioner must present the federal constitutional claim "face-up and squarely." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) ("the federal question *must be* plainly defined") (emphasis added), *abrogation on other grounds recognized*, *United States v. Barnett*, 644 F.3d 192 (4th Cir. 2011). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims *under the United States Constitution*." *Duncan v. Henry*, 513 U.S. 264, 365-66 (1995) (emphasis added). "A habeas petitioner cannot simply apprise the state court of the facts underlying a claimed constitutional violation; the petitioner must also explain how those alleged events establish a violation of his constitutional rights." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (citations omitted). The petitioner bears the burden to prove that all claims have been exhausted. *Id.*

The Court has reviewed the documents discussed in Petitioner's objections *de novo*. Although Petitioner asserts that pages 9 through 15 argue other state cases and Supreme Court precedent, this analysis still centers on the West Virginia Constitution and its Bill of Rights. *See Resp.'s Ex. 1*, ECF No. 11-1, at 11-18. Petitioner's attorney used analogous case law from other states in attempts to convince the Supreme Court of Appeals of West Virginia that a thirteenth juror violated Petitioner's due process rights as guaranteed under the West Virginia Constitution. This is evidenced by the call for "this Court," referring to the Supreme Court of Appeals of West Virginia, to espouse the view that the state constitution requires a jury of twelve, and not more. *See id.* at 17-18 ("the right to a twelve person jury is an essential feature of a *state constitutional* [right] of trial by jury") (emphasis added). The brief clearly identifies a state constitutional argument but does not address any specific federal right that is also violated. To allow the state court first opportunity to correct federal constitutional violations, the allegations must be

"squarely" presented as a federal constitutional issue. Therefore, as Petitioner's allegations regarding a thirteenth juror do not meet these requirements, the Court agrees with the Magistrate Judge's finding that the issue is unexhausted before the state court and must be dismissed.

Plaintiff's second objection challenges whether the vagueness of the standard for a new trial dictated in *State v. Frazier*, 253 S.E.2d 534 (1979) is also unexhausted as the Magistrate Judge found. *See Proposed Findings & Recommendations*, ECF No. 20, at 44. Petitioner points to a section of Petitioner's Brief that questions the court's application of the five prongs established in *State v. Frazier*. Petitioner asked the court "to consider whether [the fourth prong] … should be contained in its current form." *See Resp.'s Ex. 14*, ECF No. 11-3, at 50. Petitioner suggested the application of a "more sensible rule" rather than allow a judge to reach a decision that should be left to the jury. *Id.* However, none of this language contends that the standard is too vague to be applied with consistency. Rather, Petitioner's Brief suggests an alternative method due to the prong's foundation in a case that was 120 years old. *Id.* The section of the brief cited by Petitioner in his objections is the only arguable section that refers to vagueness in the standard. However, that is not enough to exhaust the claim because Petitioner failed to couch the argument as a federal question presentable to the state court. Nothing in the cited section asserts a federal constitutional right, a specific constitutional provision, a federal case interpreting the Constitution, or a state case that raises a pertinent constitutional issue. *See Martin v. Solem*, 801 F.2d 324, 330 (8th Cir. 1986) (finding claim unexhausted when presented only as "unconstitutional" without particularity).

Both of Petitioner's objections point to arguments made to the state court that could have been crafted as federal constitutional violations, but they were not. Petitioner cites sections that merely provide underlying facts, but without a federal violation established, the issue has not been

fairly presented to the state court for adjudication. This Court, thus, will not review either objection for its merits. The Court agrees with the Magistrate Judge's findings that both alleged constitutional violations were unexhausted before the state court.

Lastly, the Court reconsiders whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance because Petitioner has failed to show he was denied a constitutional right. Accordingly, the Court denies a certificate of appealability.

Thus, after reconsideration, the Magistrate Judge's PF&R remains **ACCEPTED AND INCORPORATED** by this Court, this Opinion and Order **SUPPLEMENTS** the Court's original order (ECF No. 22), the Petition is **DISMISSED**, and the Court **DENIES** a certificate of appealability.

  **II.**  **Conclusion**

Accordingly, the Court finds that Petitioner's two additional objections do not change the outcome of this Court's decision. Although the Court **GRANTS IN PART AND DENIES IN PART** Petitioner's instant Motion for Reconsideration (ECF No. 24), the Court must again **DENY** Petitioner's original Motion for Habeas Relief (ECF No. 1) and **DENY** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 19, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE